UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| TYSHAWN WEAVER, | ) | | |
| Plaintiff, | ) ) ) | | |
| v. | ) ) | No. | 3:21-CV-289-KAC-DCP |
| KNOX COUNTY SHERIFF'S DEPARTMENT, | ) ) ) ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION

This is an action in which it appears that Plaintiff, a former Knox County inmate now in the custody of the Tennessee Department of Correction ("TDOC") who is proceeding pro se, seeks relief under 42 U.S.C. § 1983 [Doc. 4 p. 1–2]. On December 29, 2021, the Court entered an order (1) assessing Plaintiff with the filing fee, (2) noting that it appeared that Plaintiff's address had changed but that he had not filed a notice of change of address with the Court, (3) requiring Plaintiff to show good cause as to why the Court should not dismiss this action for want of prosecution and/or failure to comply with Court orders, and (4) notifying Plaintiff that failure to timely comply would result in dismissal of this action without further warning [*Id.* at 1–4]. On January 25, 2022, the United States Postal Service returned the Court's mail to Plaintiff containing the December 29, 2021 Order with a notation indicating that the mail was undeliverable because the name and prisoner number on the mail did not match TDOC records [Doc. 5 p. 6]. Finally, on April 1, 2021, the Court entered an order (1) directing the Clerk to again mail its December 29, 2021 Order to Plaintiff at the Bledsoe County Correctional Complex with his corresponding TDOC number, (2) requiring Plaintiff to show good cause as to why the Court should not dismiss this action for want of prosecution and/or failure to comply with Court orders within fifteen (15) days

of entry, and (3) notifying Plaintiff that failure to timely comply would result in dismissal without further warning [Doc. 6 p. 1–2].

More than fifteen (15) days have passed, and Plaintiff has not complied with these orders or otherwise communicated with the Court. Accordingly, this action will be **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) gives this Court the authority to dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

First, Plaintiff's failure to timely comply with the Court's orders is due to his willfulness or fault, as it appears that he received at least the final order and chose not to comply. Second, Plaintiff's failure to comply with the Court's orders has not prejudiced Defendant Knox County Sheriff's Department, as it has not been served. Third, as noted above, the Court's previous orders notified Plaintiff that failure to timely comply therewith would result in dismissal of this action [Doc. 4 p. 4; Doc. 6 p. 1-2]. Finally, the Court concludes that alternative sanctions are not appropriate, because the Court granted Plaintiff leave to proceed *in forma pauperis* in this action

2

but he has failed to comply with the Court's clear instructions, and it does not appear that he intends to proceed with this case. On balance, these factors support dismissal of this action under Rule 41(b).

Moreover, "[w]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991) (emphasis in original). Nothing about Plaintiff's pro se status prevented him from complying with the Court's orders, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED with prejudice** for want of prosecution and failure to comply with Court orders pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge
